## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DATREC, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 21-CV-543-TCK-JFJ |
| | ) |
| ALLEGIANCEMD SOFTWARE, INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is Defendant AllegianceMD Software, Inc.'s (Defendant) Motion to Dismiss for Failure of Timely Service filed pursuant to Fed. R. Civ. P. 12(b)(5). (Doc. 13). The Plaintiff, DatRec, LLC (Plaintiff), filed a Response in opposition (Doc. 17), which included a request for an extension of time to serve Defendant (Doc. 18), and Defendant filed a combined Reply to Plaintiff's Response and Response to Plaintiff's request for an extension of time to serve Defendant. (Doc. 19).

Plaintiff filed the Complaint on December 17, 2021, asserting a patent infringement claim against Defendant. (Doc. 2). The Court Clerk issued a summons on January 5, 2022. (Doc. 8). On May 3, 2022, Defendant was served with the summons and Complaint, and filed its Motion to Dismiss under Fed. R. Civ. P. 12(b)(5), arguing that the Complaint was served 137 days after filing, and therefore, service was untimely pursuant to Fed. R. Civ. P. 4(m). (Doc. 13).

In its Response, Plaintiff does not dispute that it neither served Defendant within the 90-limit under Rule 4(m) nor sought an enlargement of time to serve prior to the Defendant's motion. (Doc. 17). Rather, Plaintiff argues that there was good cause for the delay in service, and to that end, Plaintiff requests an enlargement of time to serve Defendant. (Docs. 17, 18). Specifically, Plaintiff notes that Defendant's registered agent information on the Oklahoma Secretary of State's

website was outdated, (Doc. 17-2 at 1), which thwarted initial attempts to serve Defendant at that address, (Doc. 17-1 at 2). As a result of Defendant's failure to maintain accurate registered agent information, Plaintiff attempted service at Defendant's headquarters. (*Id.*) Plaintiff's Response included a series of emails between its attorney's office and the process server, showing a number of unsuccessful service attempts at Defendant's headquarters. (Doc. 17-1). The repeated, unsuccessful attempts to serve Defendant, Plaintiff argues, is evidence that Defendant was evading service of process, thus constituting good cause under Rule 4(m). (Doc. 17 at 3).

Under Fed. R. Civ. P. 4(m), when "a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time," unless the plaintiff shows "good cause" for the failure. Tenth Circuit precedent employs a two-step inquiry for challenges to timeliness of service under Rule 4(m). *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir.1995). First, courts must analyze whether the plaintiff has shown good cause for the failure to timely effect service, and if the plaintiff demonstrates good cause for the delay, courts must grant an extension of time. *Id.* Second, where the plaintiff has failed to establish good cause, courts must then determine whether the plaintiff should be granted a discretionary extension of time. *Id.*

In this case, email documentation offered by Plaintiff reflects that, on the same day that the summons was issued, counsel for Plaintiff's office sent the summons and Complaint to a process server to effect service on Defendant. (Doc. 17-1 at 5). Those same emails also reveal scattered communication between the process server and the office of Plaintiff's counsel between January and April 2022. (*Id.* at 1-4). It is undisputed that Defendant's registered agent information on the Oklahoma Secretary of State's website was outdated, and it is also undisputed that Plaintiff sought to serve Defendant at its headquarters multiple times (Docs. 17, 19). While Plaintiff argues that

the multiple unsuccessful attempts evidence evasion of service, (Doc. 17 at 1), Defendant suggests it was due to the process server's laconic demeanor, (Doc. 19 at 2). The Court, however, characterizes the events that unfolded as miscommunication, which resulted in a delay despite a good faith—if not diligent—effort to timely effect service.

Notwithstanding the Court's characterization, the Court declines to find that Plaintiff's efforts rose to the level of "good cause" under Rule 4(m) because Plaintiff's communication with the process server was scattered—including a 60-day period where there was no communication at all. Moreover, there is only one defendant in this suit, and the fact that it took 137 days to locate and serve one person is hardly excused by a wrong address. After discovering that Defendant's registered agent address was outdated, the miscommunication and Plaintiff's ensuing failure to effect service is—at best—attributable to inadvertence and reliance on an ineffective process server. These do not form the basis for "good cause" under Rule 4(m). *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996); *Cox v. Sandia Corp.*, 941 F.2d 1124, 1125 (10th Cir. 1991).

However, whether the delay that resulted from miscommunication constitutes "good cause" under Rule 4(m) is immaterial because the Court, in its discretion, finds that a permissive extension is warranted in this case. Notably, timeliness is the only basis for invalidity of service that Defendant raises in its Motion. Though untimely, Defendant has now been properly served with the summons and Complaint, and any delay in effecting service was not inordinate, prejudicial, or intentional. Dismissing this case now that Defendant is served and presumably ready to address the merits would do nothing to advance the efficient litigation of cases that Rule 4(m) is intended to promote—to the contrary, it would be inefficiency of the highest magnitude to dismiss the case and require the parties and Court administrative staff start anew on under a different caption. Further, Defendant is at least partly responsible for the delay in service, given

that it failed to maintain a current address for its registered agent with the Oklahoma Secretary of State, which certainly belabored Plaintiff's efforts to serve Defendant. Finally, the Court routinely issues notices to plaintiffs in civil actions advising them when a complaint has not been served and setting a deadline in which to do so. Suffice to say, the failure to serve Defendant did not inordinately delay the litigation in this case, as service was more timely effected than in other cases in which the Court has issued warnings to plaintiffs and given a deadline to serve the complaint.

In accordance with the foregoing, Defendant's Motion to Dismiss (Doc. 13) is **DENIED**. Where the defendant has admitted to being served as is challenging service based only on timeliness under Rule 4(m), denial of the defendant's motion has the effect of extending the plaintiff's time to serve to the date on which the defendant was served. *Crispin-Taveras v. Municipality of Carolina*, 647 F.3d 1, 7 (1st Cir. 2011) ("Given that the individual defendants admitted in their motion to dismiss that they were served [after the Rule 4(m) deadline for service], the district court's denial of the motion was effectively a ruling that service could be performed by [the date on which defendants were served]."). Accordingly, Plaintiff's Motion for Extension (Doc. 18) is **DENIED** as **MOOT**.

**IT IS SO ORDERED this 14th day of July, 2022.**

TERENCE C. KERN
United States District Judge